**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHAMPIONSWORLD LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES SOCCER FEDERATION, INC., MAJOR LEAGUE SOCCER, L.L.C., and DOES 1 through 10, inclusive,<br><br>        Defendants. | 1:06-cv-05724 |

**MEMORANDUM OF LAW IN SUPPORT OF MAJOR LEAGUE SOCCER, L.L.C.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

       Defendant Major League Soccer, L.L.C. ("MLS") respectfully submits this memorandum of law in support of its Rule 12(c) motion for judgment on the pleadings dismissing the claims asserted by ChampionsWorld LLC ("ChampionsWorld"). MLS joins in the parallel Rule 12(c) motion of Defendant United States Soccer Federation, Inc. ("USSF") for judgment on the pleadings, and accordingly, MLS adopts in full and incorporates by reference, as if fully stated herein, all arguments and/or authorities set forth in USSF's memorandum of law in support of that motion. For the reasons set forth therein, ChampionsWorld's claims fail as a matter of law against all defendants and should be dismissed.

       Alternatively, to the extent the Court does not dismiss all of the claims in their entirety, MLS respectfully requests that the Court dismiss ChampionsWorld's RICO claims against MLS pursuant to Fed. R. Civ. P. 9(b), pursuant to MLS's previously filed, fully-briefed motion to

dismiss those claims.  (*See* Docket Nos. 49, 68, 69.)[1]  The Court did not reach a decision on that motion, having stayed all proceedings pending arbitration.  (*See* Docket No. 86.)

## PROCEDURAL HISTORY

On May 2, 2006, ChampionsWorld filed this action in the Southern District of New York.  By order dated October 11, 2006, Judge Cedarbaum of that Court transferred this case to this Court pursuant to 28 U.S.C. § 1404(a).  On December 8, 2006, USSF and MLS each moved to dismiss or stay the action under the Federal Arbitration Act.  MLS also separately moved to dismiss ChampionsWorld's RICO claims, to the extent they were founded upon allegations of mail or wire fraud, for failure to plead with particularity MLS's alleged involvement in the purported scheme to require ChampionsWorld to pay sanctioning fees to USSF.  (*See* Docket No. 49.)

On May 4, 2007, the Court granted Defendants' motions to stay the case pending arbitration between ChampionsWorld and USSF.  (*See* Docket No. 86.)  The Court, however, did not address MLS's motion to dismiss ChampionsWorld's RICO claims.  This case remained stayed until February 5, 2010.  MLS filed its Answer and Affirmative Defenses on March 29, 2010.  (*See* Docket No. 154.)

## ARGUMENT

**1.     The Complaint Should Be Dismissed**

MLS adopts in full and incorporates by reference, as if fully stated herein, all arguments and/or authorities set forth in the motion of USSF to dismiss this case on the pleadings under Rule 12(c) and the accompanying memorandum of law.  For the reasons set forth therein,

---

[1]  For the Court's convenience, MLS's previously filed memoranda of law in support of its motion to dismiss the fraud-based claims are attached hereto as Exhibits 1 and 3.  ChampionsWorld's memorandum of law in opposition to that motion is attached as Exhibit 2.

ChampionsWorld's claims fail as a matter of law against all defendants and should be dismissed.[2]

Should the Court find that ChampionsWorld's Sherman Act claims fail as against USSF on immunity grounds, all antitrust claims against MLS should likewise be dismissed. (Compl. ¶¶ 164-170). The alleged injury to ChampionsWorld results from the USSF's lawful exercise of the sanctioning authority granted to it under the FIFA statutes and the Olympic and Amateur Sports Act. MLS cannot be held liable for the USSF's lawful exercise of such authority. *See JES Props., Inc. v. USA Equestrian, Inc.*, 458 F.3d 1224, 1228 (11th Cir. 2006) (affirming dismissal of Section 1 and Section 2 Sherman Act claims and "conclud[ing] that the [United States Equestrian Federation] and the Promoter Defendants are immune from antitrust liability"). Notably, here, ChampionsWorld's claim is fundamentally premised on the alleged illegality of the USSF regulating and charging a sanctioning fee for soccer games involving foreign professional teams playing in the United States. There is no allegation of wholly separate and independent wrongful action by MLS. (Indeed, there is not even an allegation that MLS charged or received any sanctioning fee; rather, it was a payor of such fees to USSF.) Because plaintiff's threshold premise fails (as explained in detail in USSF's motion), its claim fails in full against the defendants.

**2.      The RICO Claims Should Be Dismissed as against MLS**

MLS incorporates USSF's arguments regarding ChampionsWorld's Fifth Claim for Relief, a RICO claim against MLS and USSF. (*See* USSF Br. at 19-22.) Those same arguments apply to ChampionsWorld's Fourth Claim for Relief, which purports to state a farfetched claim against MLS alone for "racketeering activities." (Compl. ¶¶ 171-194.) The relevant statute, 18

---

[2] ChampionsWorld's Sixth, Eighth, Ninth, and Tenth Claims for Relief are asserted solely against USSF.

U.S.C. § 1962(c), requires the commission of two or more predicate acts that constitute a "pattern of racketeering activity." *See, e.g., Curtis v. Wilks*, No. 08 C 3527, 2010 U.S. Dist. LEXIS 29643 (N.D. Ill. Mar. 29, 2010). As demonstrated in USSF's motion, the absence of predicate acts necessarily defeats all of ChampionsWorld's § 1962(c) claims, including the Fourth Claim against MLS.

Nor can either of ChampionsWorld's RICO claims against MLS satisfy Fed. R. Civ. P. 9(b). As set out fully in MLS's previously filed motion to dismiss (*see* Exs. 1 and 2), the crux of ChampionsWorld's RICO claims is similarly that USSF claimed authority that it did not have under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §220501, *et seq.*, to charge sanctioning fees to promoters of soccer matches in the United States that involve foreign teams and that ChampionsWorld reasonably relied on USSF's claim of authority in paying those fees to USSF. (*See* Compl. ¶¶ 171-206.) But ChampionsWorld failed to allege that MLS made any misrepresentations, or charged, collected or received any of the sanctioning fees. Thus, to the extent that ChampionsWorld's RICO claims are founded on predicate acts of mail and wire fraud, those claims are deficient as against MLS under Rule 9(b) for failure to allege with the required particularity the purported misrepresentations, MLS's connection to them, or any plausible reason why MLS would have a motive to participate in a scheme to charge allegedly unauthorized or improper sanctioning fees, which ChampionsWorld admits, MLS (and/or its affiliate, SUM) also paid to USSF. (Compl. ¶ 92(b).)

Therefore, to the extent the Court does not dismiss the complaint in its entirety, or at least the entirety of ChampionsWorld's RICO claims, for the reasons discussed in USSF's Rule 12(c) motion, MLS respectfully requests that the Court dismiss ChampionsWorld's RICO claims

against MLS for the reasons set forth in MLS's previously-filed and fully briefed motion to dismiss.

**3.     The Unjust Enrichment Claim Should Be Dismissed as against MLS**

ChampionsWorld's Seventh Claim for Relief asserts in wholly conclusory fashion that "MLS and USSF were unjustly enriched by Plaintiff in an amount . . . not less than $8 million." (Compl. ¶ 224).  This claim must also fail as a matter of law.  "Recovery on an unjust enrichment theory requires allegations 'that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'"  *Sefton v. Toyota Motor Sales U.S.A., Inc.*, No. 09 C 3787, 2010 U.S. Dist. LEXIS 37036, at *17-18 (N.D. Ill. Apr. 14, 2010) (quoting *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 160 (1989)).  As noted above, nowhere in the Complaint does ChampionsWorld allege that MLS accepted any payments or benefits from ChampionsWorld.  Accordingly, ChampionsWorld's unjust enrichment claim fails.

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety, with prejudice and without leave to replead.


Dated:  April 22, 2010                         PROSKAUER ROSE LLP

                                               By:  /s/ *Bradley I. Ruskin*

                                               One of the Attorneys for Defendant
                                               Major League Soccer, L.L.C.

                                               Bradley I. Ruskin*
                                               Scott A. Eggers*
                                               Jordan B. Leader*

        1585 Broadway
        New York, New York  10036
        (212) 969-3000

        Steven Gilford
        Sheri D. Davis
        Three First National Plaza
        70 West Madison, Suite 3800
        Chicago, IL 60602-4342
        (312) 962-3550
        *Attorneys for Major League Soccer, L.L.C.*

\* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 22, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                  /s/ *Bradley I. Ruskin*
                                                                    Bradley I. Ruskin

**SERVICE LIST**

*Championsworld LLC v. United States Soccer Federation, Inc., et al.*,
Case No. 1:06-cv-05724 (HDL)

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

*Via CM/ECF:*

| | |
|---|---|
| Ronald Hanley Balson<br>rhbalson@michaelbest.com<br>jdschirmer@michaelbest.com | Jolanda B. Krawczyk<br>jbkrawczyk@michaelbest.com<br>jdschirmer@michaelbest.com |
| Jamie M. Brickell<br>jbrickell@pryorcashman.com | Livia Kiser<br>livia.kiser@lw.com |
| William Laurence Charron<br>wcharron@pryorcashman.com | Timothy B. Hardwicke<br>timothy.hardwicke@lw.com |
| Carrie A. Hall<br>cahall@michaelbest.com<br>jdschirmer@michaelbest.com | Casandra L. Thompson<br>casandra.thomspon@lw.com |
| Adam J. Wright<br>adam.j.wright@lw.com | Michael E. Elisofon<br>michael.elisofon@lw.com |

*Via U.S. First Class Mail:*

| | |
|---|---|
| Terrence Connolly<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | Russell F. Sauer, Jr.<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071 |